The next case for argument is 24-1560 Inland Diamond v. Cherry Optical. Okay, this is going to be confusing because we're used to doing that, but we'll figure it out. Okay, you're the opponent here. Yes, Your Honor. Although you're sitting over there. Okay. May it please the Court, my name is Jason Just, and I also represent Cherry Optical. We're asking this Court to overturn the District Court's denial of attorney fees because it abuses discretion by holding Cherry to a clear and convincing standard and failed to... Well, let me just ask you a process question. Obviously, if there is some movement in the case we just heard, then this might become moot, right? Yes, Your Honor. Depending on how this Court decides, this appeal may become moot, but the reasons my colleagues stated, we urge this Court... If there is an application of collateral estoppel, then this appeal becomes moot. Yes, Your Honor. If this Court vacates, then this appeal would become moot.  Correct. Sorry to get you off track. That's okay. But if this Court doesn't vacate and this appeal does not become moot, on this record, this Court can and should find this case exceptional. only for a calculation of attorney fees. This case stands out because Inland Diamond didn't use the patent system to protect innovation. It used the patent system to protect market share that it was losing. As technology shifted from grinding wheels to cutting technology led by companies like MEI, Inland Diamond didn't innovate. Instead, it repackaged bevel profiles, profiles that its own tools were making for decades. The essence of your appeal is really with this clear and convincing evidence standard? The essence of the appeal is that the district court applied the wrong standard of law and failed to consider the totality of circumstances because of it. I take the reference you pulled from his opinion about clear and convincing evidence, but is there anything in any indication of the opinion that it thought your failure to show exceptionality rested on perceived inability to show by clear and convincing evidence? Yes, Your Honor. As opposed to predominance? Okay, where is that? That is on page three of the Court's opinion, where it held that there's a presumption, an assertion of infringement of a duly granted patent made in good faith, and that Cherry needs to overcome that by clear and convincing evidence because it cites Medtronic navigation, which relied on Brooks Furniture Framework, which Octane Fitness rejected. Thereby, Medtronic was abrogated. But then it goes on to analyze the evidence, and it doesn't apply a standard of clear and convincing. It just says it discusses the evidence. Your Honor, the court goes on to discuss the evidence, but that's after the court cites clear and convincing evidence and stops its analysis as to Inland's litigation position right there. This case is never about just the fact that Inland filed its lawsuit against Cherry. It's about how it behaved from the inception of the patents all the way through four years of litigation, and it is under that standard and only after it gives Inland the presumption, which is a rebuttable presumption, but it gives Inland that presumption and then only analyzes it afterward. He does cite the correct standard under Octane, right? Initially, he does cite it on page two, but citing it is not enough, and the analysis that the court engaged in doesn't lend to a conclusion that it considered these facts under the preponderance of the evidence standard like it's supposed to in Octane. Again, this case is about more than just the filing and what Inland did during this litigation. When its market share was dissipating because of new technology, it literally patented the profiles its own tools were making and targeted customers of its competitor, customers like Poya and Cherry Optical. Under Octane Fitness, the case is exceptional. It's simply one that stands out from others with respect to the substantive strength of a party's litigation position, considering both governing law and the facts or the unreasonable manner in which the case was litigated, and we have both here, and the court was necessarily required to look in both directions. Before the patent, what its positions were when it decided to file against Cherry and what its positions were throughout discovery of this case, and we believe that the record is clear that Inland's positions were objectively unreasonable. There were numerous red flags that Inland ignored that should have caused it to stop and assess the factual and legal basis for its claims. Again, it knew that it was producing tools that created the patented bevel profiles. That was never disclosed in the PTO. That was never disclosed in the IPR, but it ignored it. The MEI documents that emerged in the Hoya litigation that caused Hoya to amend its invalidity contentions and argue that the documents prove that there is nothing novel about Inland's patents, Inland settled the case shortly after that, and that evidence was not used in the IPR. Do you have a case that's close to this on the facts, where we've reversed a district court exception? I think Adjusticam would be close where the—Adjusticam's a little bit different because after the Markman hearing in Adjusticam, the court found it wasn't reasonable for Adjusticam to maintain its litigation. I think that's very analogous here because there are many points in which it wasn't reasonable for Inland to maintain its litigation, including the filing. After the IPRs took away most of its claims, including independent claim one, Inland had a duty and obligation to assess its factual basis and legal basis to bring the remaining claims in light of evidence it knew the IPR didn't consider, such as MEI, such as its own tooling. But it didn't do that. It just filed the lawsuit against Cherry. When it contacted its expert, Mr. Garroha, its own expert was skeptical of the patent validity, saying they've been edging lenses this way for 50 years. The district court found that and actually cited to that in his decision in summary judgment. But Inland ignored that and pressed on and hired him anyways. In January of 2022, MEI testified in this case and confirmed that it was in fact in the market in at least 2006 selling these machines and these tools that created the bevel profiles within the patents. And that predates the patent priority dates by years. It's undisputed that MEI was in the market and selling these things. But Inland pressed on. And I think that is where this case becomes a lot more like a justicam, where it was absolutely unreasonable for Inland to continue. But yet we continued on. And while the court did address some of the litigation conduct that Cherry argued, it did so cursorily and under the wrong standard of law. But Inland's expert that engaged and encouraged was simply a mouthpiece for Inland and its weak positions. For example, he adopted unverified testing and conclusions from the patent holder that he later testified he couldn't verify the validity of or accuracy of. The expert ignored claim construction, didn't analyze any Cherry products at all, yet issued an infringement report without conducting any tests. He literally said whatever Inland wanted him to, to prolong litigation, increase the cost and pressure to force Cherry to settle this case. I have, I would like to reserve some time for rebuttal. Okay. Why don't we hear from you at this hour. Thank you. Thank you, Your Honor. It's Mark Tatanovic here again. Obviously, Inland's position is that the court addressed the proper analysis under octane fitness, under the appropriate standard and looked at the totality of circumstances. Don't you concede that the standard that he articulated, the presumption, there's legal error? I don't think we concede that. I think that what, I think it was done in passing. I think the judge was quoting the presumption of a good faith basis, and obviously there is some contradicting language, but if you read the opinion as a whole, you look at the first page of the opinion, he looks to octane fitness, he analyzes it under that, and there's federal circuit case law that supports the proposition that if there's some error that's done and it's minute, then this court doesn't have to overturn that decision. Well, is that a harmless error? Are you talking harmless error? Yes, that's our position, that it is harmless error, that passing. Well, how do we know? I mean, he's got the site to octane fitness, and then he's got a site to a standard, which is wrong. The presumption may only be overcome by clear and convincing evidence. So it's a short opinion. I mean, he talks about the facts, but he doesn't articulate what standard he's applying and assessing that, where he finds it wasn't frivolous, it was objectively reasonable. We don't know what standard he's applying. I think it's for this court to define whether or not it's an abuse of discretion in that slight passing of the mention of the Medtronic navigation case. But that being said, I think, obviously, in view of Parker Vision and Corey IP holdings, the crux of Cherry's fee argument is uprooted. Obviously, we think that this appeal should be reversed and remanded back down to the district court, and all these issues that Cherry brings up, there's obviously factual disputes to a lot of things. I take that issue with some of the positions that they take. They obviously take that issue with ours, but it's not for this court to decide whether or not we were being, in each of those factual distinctions, whether we were acting in bad faith. It's for the lower court to decide, and that's what they did. And I'm not going to get into each and every one of the details that Mr. Just raises. I can if the court wants to ask, but there's obviously our positions as to why that's inappropriate. So are you asking us to re-evaluate under an appropriate? What are you telling us? Are you telling us the district court used the correct standard, notwithstanding the reference to clear and convincing evidence? Correct. Or are you telling us that we should re-evaluate it under the correct standard? No, I think that the district court analyzed it under the correct standard. They know the totality of the litigation. They know everything that was decided. I do take a little bit personal issue with the slander, the slight slander that's coming at my litigation and my client. My client has 60 patents in his name. A lot of the prior references that he raises today were not even put into their invalidity contentions. It's shaky testimony. There's definitely disputes whether the MEI documents are correct. Okay, we're not going to get into those factual disputes here. I agree, and I can address those if needed. But that being said, obviously we think that the court came down with the appropriate decision, looked at everything in view of Octane Fitness, and obviously in view of the recent case law on core IP and part revision. It uproots the main argument. If there's no further questions. Thank you. Just very briefly, Your Honor. The court's three and a half page decision after four years of complex litigation with a fully developed record is too short to know if it was harmless error. And I would argue that it's absolutely not because the court stopped itself. It siloed itself when it gave Inland a presumption of good faith and didn't analyze any of the conduct prior to, during, and after, which it is required to do under Octane Fitness. We know that it applied the wrong standard because it says Inland's position was not so frivolous as to the infringement. But frivolousness is part of the framework from Brooks Furniture that was specifically rejected. So the court is absolutely intertwining and confusing and applying the heightened standard of clear and convincing when it should not. Counsel said there are factual disputes. The issues that are raised in the attorney fees are not factual disputes at all. It's undisputed that Inland was making its own tools and created the patented profiles. It's undisputed that Inland failed to defend against at least 12 prior art, art dating back decades. We're not going to re-litigate this case here. So I think that the record is clear. The district court applied the wrong standard of law and did not analyze the totality of the circumstances. And if it had done so, it would find that this case is exceptional. And we urge this court to find this case exceptional under the. You're seeking more than a remand. You're not seeking just a remand so that he can apply what you suggest was the correct standard. Your Honor, this court certainly can remand, but it doesn't have to. I mean, Cherry, Cherry deserves some finality here after five years and nearly a million dollars in defense. Costs in this case where the record is, is very clear. This court can, just like it didn't adjust, it can find the case exceptional and remand only for a calculation of reasonable attorney. OK, thank you. Thank both sides and the case is submitted.